## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| **KAREN McCLARD, et al.** | ) |
| **Plaintiffs,** | ) |
| v. | ) |
| **ADMIRAL INSURANCE COMPANY, et al.** | ) |
| **Defendants.** | ) |
| **PREMIER TRANSPORTATION & WAREHOUSING, INC.,** | ) Case No. 06-3331-CV-S-RED |
| **Cross-Claimant,** | ) |
| v. | ) |
| **ADMIRAL INSURANCE COMPANY,** | ) |
| **Cross-Defendant.** | ) |

## ORDER

Now before the Court is Defendant Premier Transportation & Warehousing, Inc.'s ("Premier") Motion to Remand (#2), Defendant Admiral Insurance Company's ("Admiral") Motion for Party Realignment (#15), and Admiral's Motion for Leave to File Excess Pages (#14). Admirals' Motion for Leave to File Excess Pages (#14) is **GRANTED**, and the Court will treat its response to Premier's motion as appropriately filed. Admiral's Motion for Party Realignment (#15) is **DENIED**, and Premier's Motion to Remand (#2) is **GRANTED**.

## BACKGROUND

Plaintiffs obtained a state court judgment against Premier for wrongful death. Prior to entry of the judgment, Plaintiffs and Premier agreed that Plaintiffs would recover only against specific assets pursuant to RSMo. § 537.065. Premier's insurance contract with Admiral is the principal

asset against which Plaintiffs are entitled to recover. Plaintiffs then sued Premier and Admiral in state court for equitable garnishment pursuant to RSMo. § 379.200. Premier filed a cross-claim against Admiral for bad faith.

Admiral removed the case to this court on December 14, 2005. On April 3, 2006, this Court remanded the case to state court because Admiral did not obtain Premier's consent to remove and realignment of Premier as a plaintiff was inappropriate. Admiral then deposited money with the state court that it claims represents the maximum benefit allowed under its contract with Premier. Admiral moved to dismiss plaintiffs' claims, and the state court granted dismissal over plaintiffs' objections.

On August 25, 2006, Admiral again removed this case to federal court claiming that it become entitled to remove the case when the state court dismissed plaintiff's claims. Premier immediately moved to remand the case.

## LEGAL STANDARD

When ruling on a motion to remand, courts construe all doubts in favor of remand. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir.1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir.1997).

-2-

**DISCUSSION**

Admiral's removal is proper in this case only if (1) it is entitled to remove the case as a defendant on plaintiffs' claims, (2) it is entitled to remove the case as a cross-defendant on Premier's bad faith claim, or (3) realignment of the parties is appropriate.

*Admiral is not entitled to remove the case as a defendant on plaintiffs' claims.*

As a general rule, all defendants must consent to removal for the Court to have jurisdiction over a removed case. *Horton v. Conklin*, 431 F.3d 602, 604-05 (8th Cir. 2005). Premier and Admiral are defendants on plaintiffs' claims, and Premier did not consent to removal. Moreover, the Court previously evaluated and rejected Admiral's arguments on this issue when it rendered its April 3, 2006 Order, and that order is the law of the case. Admiral is not entitled to remove the case as a defendant on plaintiffs' claims.

*Admiral is not entitled to remove the case as a cross-defendant on Premier's bad faith claim.*

A cross-defendant is not a "defendant" under 28 U.S.C. § 1441, and the Court is without jurisdiction over cases removed by cross-defendants. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) (holding that a counter-claim defendant may not remove a suit to federal court); *Windsor Door Company, et al. v. United States*, 926 F.2d 729 (8th Cir. 1990) (holding that a third party defendant may not remove a suit to federal court); *Elkhart Cooperative Equity Exchange v. Day*, 716 F. Supp. 1384, 1387 (D. Kan. 1989) ("a . . . cross-claim defendant is not a defendant contemplated within the meaning of § 1441(a)" and cannot remove a suit to federal court); *Coding Products, Inc. v. Homco International, Inc.*, 1995 WL 423853, *3 (W.D. Mich. Dec. 2, 1994) ("removal is not allowed as to counterclaims and cross-claims since such removal is not consistent with the statutory framework for removal and since the Supreme Court has consistently interpreted

the removal statutes narrowly as to limit jurisdiction"); *Folts v. City of Richmond*, 480 F. Supp. 621 (E.D. Virg. 1979) (refusing to reallign parties and holding that a cross-claim defendant could not remove a suit to federal court); *Starr v. Prarie Harbor Development Co., Inc.*, 900 F. Supp. 230, 233 (E.D. Wis 1995) (quoting *Dartmouth Plan, Inc. V. Delgado*, 736 F. Supp. 1489, 1491-92 (N.D. Ill. 1990) to state, "'just as a third-party has no special rights to remove, neither does a nonplaintiff counterdefendant'").

Admiral argues that Premier waived this issue by failing to identify it in Premier's motion to remand, and the Court is not permitted to raise the issue *sua sponte*. The Eighth Circuit, however, has raised similar removal defects *sua sponte*. *See, e.g., Windsor Door Co. V. United States*, 926 F.2d 729 (8th Cir. 1990) (ordering district court to remand case for lack of jurisdiction because third party defendant erroneously removed case); *see also First National Bank of Pulaski v. Curry*, 301 F.3d 456 (6th Cir. 2002). Admiral is not entitled to removal by virtue of its status as a cross-defendant on Premier's bad faith claim, and this jurisdictional defect is properly raised by the Court *sua sponte*.

### *Realignment of the Parties is Inappropriate.*

Admiral seeks to justify removal by arguing that the Court should allign Premier as plaintiff and Admiral as defendant because the state court dismissed plaintiffs' claims.[1] Admiral concludes that because the state court dismissed plaintiffs' claims, the only claim the federal court will deal with is Premier's bad faith claim against Admiral. Admiral is incorrect.

---

[1] Admiral alternatively argues that the Court should group Premier with plaintiffs to determine whether removal is appropriate. Admiral made an identical argument when Premier first moved for remand. The Court rejected Admiral's argument in its April 3, 2006 Order, and that decision is the law of the case.

-4-

Under Missouri law, no order in a case may be appealed until the trial court enters a final judgment. RSMo § 512.020; Mo. R. Civ. Pro. 74.01, 81; *Burky v. Stephan*, 173 F.3d 643, 643 (Mo. Ct. App. 2005); *Magee v. Brown*, 179 S.W.3d 373, 374 (Mo. Ct. App. 2005). Until a final judgment is reached in a case, the forum court may modify, alter, or vacate the interlocutory orders rendered in the case. *Id.* An order is a final judgment only if it disposes of all claims between all parties to a case, or if the judge certifies it as a final judgment. *Id.*

The order dismissing plaintiffs' claims did not dispose of Premier's bad faith claim, and it is undisputed that the order has not been certified as a final judgment. Despite the dismissal of plaintiffs' claims, plaintiffs are still a part of this case. They may move to have the dismissal order vacated or altered. They may appeal their dismissal when a final judgment is reached in this case. Accordingly, it would be inappropriate to realign the parties as though plaintiffs' were no longer a part of this case.

## CONCLUSION

Admiral's Motion for Party Realignment (#15) is **DENIED**, and Premier's Motion to Remand (#2) is **GRANTED**. The case shall be remanded to the Circuit Court of Greene County, Missouri.

**IT IS SO ORDERED**.

DATE:	November 7, 2006	  */s/ Richard E. Dorr*
				RICHARD E. DORR, JUDGE
				UNITED STATES DISTRICT COURT